(138 So. 509)

**VIDRINE v. VIDRINE et al.**

No. 30537.

Nov. 30, 1931.

J. Hugo Dore, of Ville Platte, for appellant.

Wm. Alex Robertson, of Opelousas, for appellee Dr. Fred Vidrine.

Morton H. Thompson, of Opelousas, for appellee Federal Land Bank of New Orleans.

ST. PAUL, J.

Plaintiff's father died insolvent some thirty odd years ago. Among the assets of his estate was the plantation which is the subject of this controversy.

Plaintiff's father-in-law, father of her husband, held the first mortgage on the plantation, and was appointed administrator of the succession.

But, upon consideration, the heirs agreed to settle the succession and pay its debts in a more informal manner than through the administrator. Accordingly, the administrator was discharged and the heirs put in possession.

Meanwhile plaintiff's mother had claimed the widow's allowance, or so-called "Widow's Homestead," as the widow in necessitous circumstance of the deceased.

Thereupon fifty acres of land, cut off from the plantation, were assigned to the widow, plaintiff's mother, in settlement of her claim as widow in necessitous circumstances, and the rest of the plantation was assigned to plaintiff's father-in-law in settlement of his first mortgage claim upon the plantation; he assuming the second mortgage.

On the same day on which plaintiff's father-in-law acquired the plantation in settlement of his mortgage debt, he sold it on terms of credit to plaintiff's husband and brother, who were then in partnership.

Later on the partners sold the plantation to the present defendant.

I.

The present suit is brought by this plaintiff to reclaim a share in the plantation on the ground that the sale by the heirs to the father-in-law and by the latter to the partnership, composed of her husband and brother, were mere simulations intended to convey

her share in the plantation from herself to her husband in violation of the provisions of the article 2446 of the Civil Code of 1870, which forbids a contract of sale between husband and wife.

## II.

The evidence in the case does not establish the claim of plaintiff that the sale to her father-in-law and by the latter to her husband was a simulation. We are satisfied, as was the district judge, that both sales were bona fide transactions. In our opinion, article 2446 has not the slightest application to this case. Her father's succession being insolvent, plaintiff acquired nothing from him, the maxim "Ex nihilo nihil fit" applies; out of nothing, nothing comes. Jackson v. Waldron, 13 Wend. (N. Y.) 178, 221. She never owned any part of the plantation, and therefore could not sell any part of it. The sale to her father-in-law was, in substance and effect, merely a sale by her father's succession and not by herself.

Plaintiff's claim is without merit whatsoever, and the district judge very properly rejected it.

### Decree.

For the reasons assigned, the judgment appealed from is therefore affirmed.